UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

## CIVIL MINUTES – GENERAL

Case No.   2:25-cv-06540 MEMF (MAAx)                              Date: March 30, 2026

Title      Alvaro R. Robles v. Del Records Inc., et al.

Present: The Honorable: **Maame Ewusi-Mensah Frimpong, United States District Judge**

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):  Order Dismissing Action Without Prejudice**

On July 17, 2025, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis ("IFP request"). (ECF Nos. 1, 3.)  Plaintiff alleged multiple acts of wrongdoing by Defendants, including wrongful termination and copyright infringement. (Dkt. No. 1 at 1.)  Plaintiff raised four federal claims: (1) violation of 42 U.S.C. § 1981; (2) copyright infringement under 17 U.S.C. § 501; (3) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and (d); and (4) whistleblower retaliation in violation of 31 U.S.C. § 3730(h). (Dkt. No 1 at 2.)  Plaintiff also raised a fifth claim, under state law, alleging wrongful termination in violation of public policy. (*Id.*)  Plaintiff sought damages and injunctive relief. (*Id.*)

On July 25, 2025, the Court postponed a ruling on the IFP request and ordered Plaintiff to provide more information in 30 days if he wished to proceed. (ECF No. 7.)  First, the Court ordered Plaintiff to file another IFP request that was filled out completely (*i.e.*, an IFP request with a complete answer to Question 7 regarding average monthly expenses) or, in the alternative, pay the filing fee. (*Id.*)  Second, the Court ordered Plaintiff to file an Amended Complaint, after finding that the original Complaint was entirely conclusory. (*Id.*)  The Court warned Plaintiff that the failure to comply with the instructions would result in the dismissal of this action without prejudice. (*Id.*)

On October 17, 2025, Plaintiff filed a request for an extension of time to file an appeal, even though this action had not been closed. (ECF No. 12.)  On the same date, Plaintiff filed another IFP request that still did not completely answer Question 7 regarding average monthly expenses. (ECF No. 13.)  However, Plaintiff failed to comply with the Court's order to file an Amended Complaint.

---

| CV-90 (03/15) | Civil Minutes – General | Page 1 of 2 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-06540 MEMF (MAAx)                    Date: March 30, 2026

Title      Alvaro R. Robles v. Del Records Inc., et al.

A district court has the inherent power under Federal Rule of Civil Procedure 41(b) to dismiss an action for failure to comply with the court's order. *Agnew v. Moody*, 330 F.2d 868, 871 (9th Cir. 1964) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962)). "[I]n order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).

Here, the first, second, third, and fifth factors weigh in favor of dismissal. *See Yourish*, 191 F.3d at 990 ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. Arguably, [the] petition has consumed some of the court's time that could have been devoted to other cases on the docket."); *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (recognizing that the law presumes injury to the defendants from unreasonable delay); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1229 (9th Cir. 2006) ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."). Although the fourth factor, the public policy favoring disposition of the case on the merits, weighs against dismissal, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Products Liability Litigation*, 460 F.3d at 1228.

In sum, four of the five factors weigh in favor of dismissal. Accordingly, this action is dismissed without prejudice. Plaintiff's pending motions are denied as moot. (ECF Nos. 3, 12, 13.)

IT IS SO ORDERED.

_____  :
**Initials of Preparer** _____